The plaintiff fuffered a nonfuit.

---

# ALLEGHENY COUNTY,

## September Term, 1796.

### Samuel Purviance v. William Sutherland.

*INDEBITATUS affumfit* for goods, wares, and merchandizes, delivered to *William Sutherland* and *William M'Donald*, on a promife by both, and by each, with an averment, that neither had paid.

Proof was made of the book-entries, and of declarations by *Sutherland* of a partnerfhip between him and *M'Donald*, and that it has been, and is, ufual with traders, to have and give intereft on book-accounts, after fix months.

1796.

*Woods*, for the defendant, produced a receipt, dated at *Chamberſburgh*, from *Purviance* to *Sutherland*, for ginſeng, at a certain price, or at the *Philadelphia* price, if it was higher.    Hence Mr. *Woods* inferred, that there was then no partnerſhip.    He produced alſo another receipt to *William Sutherland* and *William M'Donald*, for otter ſkins and caſh.

*Roſs*, for the plaintiff.    We have no notice of the defalcation.    The receipt is a private tranſaction.    This ſuit is brought on a partnerſhip account.

*Rule* 21.

PRESIDENT.    Under our rules of practice, it is the plaintiff's fault if he have not notice of the particular payment or defalcation.    If he wanted it, he ought to have demanded a ſpecification.    The receipt to *Sutherland alone*, ſeems not ſufficient to contradict the evidence of partnerſhip.    But *Sutherland* ought to have credit for it in this caſe; as the ſuit is againſt himſelf, on a promiſe made by himſelf.

If, from the evidence of general cuſtom of trade, you can infer, that, in this caſe, it was the agreement of the parties, that intereſt ſhould be payable, after ſix months; you may find intereſt after that time.

The jury found for the plaintiff with intereſt after ſix months.